By the Court—Curtis, Ch. J.
The defendant is not in a position to-defeat the plaintiff’s claim for compensation, for the use and enjoyment of his invention, because it was not, as it insists, at the time the plaintiff’s assignment bears date, a corporation duly organized, under the laws of the State of Yew York, and was not in existence. The letters patent for the plaintiff’s invention issued to and were accepted by the defendant at a time subsequent to August 26, 1873, when the defendant alleges it was so duly organized as a corporation, and ever since the defendant has manufactured under it. As the plaintiff had no notice that the defendant was not duly organized, when he executed the preliminary assignment of the invention, and afterwards caused the issue of the letters patent to the defendant, at a time when it was duly organized, which *462 issue was accepted by the defendant, and ratified by user and the payment of the accruing royalties thereunder to the plaintiff, until the defendant compelled him to leave its employ, no reason exists why the defendant should avoid -its liability. If the defendant held itself out.as a corporation, when not duly incorporated, and preliminary steps were taken, which resulted after it was duly incorporated in the issue to it, and the vesting in it of the letters patent of the plaintiff’s .invention, the defendant, after acceptance and enjoyment and part .payment at the rate claimed by plaintiff, .and .without notice to plaintiff of any defect in its corporate existence, at .a period previous thereto, is estopped from avoiding the obligation to pay the plaintiff.
The questions are .very much narrowed by the pleadings, though a wide field was presented on the argument.
The instruments under which the defendant has the use of the plaintiff’s invention, .and upon which the plaintiff claims, are under seal, and there appears to be no ground afforded in the case, for sustaining the defendant’s plea of the statute of limitations.
The evidence shows that one pair of double-acting hinges is composed substantially of two pairs of single-acting hinges, and sustains the findings that each of the double-acting hinges comprise two pairs of ■single hinges.
There is nothing presented in the -case and exceptions that leads me to the conclusion that there should be a reversal of the judgment.
The judgment and order appealed from should be affirmed, with costs.
-Freedman, J., concurred.